## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **NINOSLAVA TOMASIC, individually as the surviving spouse of Ivica Tomasic, and heir-at-al of Ivica Tomasic, deceased, et al.,** | |
| **Plaintiffs,** | **Case No. 18-2036** |
| **v.** | |
| **JOHN TOBIN, et al.,** | |
| **Defendants.** | |

### MEMORANDUM AND ORDER

This matter comes before the court on plaintiff Ninoslava Tomasic's Motion to Remand (Doc. 11). Defendant John Tobin removed this case from Wyandotte County District Court on January 22, 2018 on the basis of diversity jurisdiction. Plaintiff now argues that diversity jurisdiction does not exist because both plaintiff and defendant are citizens of Kansas. For the reasons set forth below, the court grants plaintiff's motion.

### I.    Background

On October 30, 2015, the decedent, Ivica Tomasic, was killed after he lost control of his vehicle and rolled into a ditch on the side of the road. Tomasic was driving on a wet road in Kansas City, Kansas, and swerved to avoid striking defendant's car, which had abruptly stopped in an intersection. Plaintiff filed this action in Wyandotte County District Court on October 27, 2017 seeking damages against defendant in excess of $75,000 for Tomasic's wrongful death. In the Petition for Damages, defendant was listed as a resident of Wyandotte, Kansas with a Kansas City, Kansas address. On October 31, 2017, service attempts were made at that address, however, someone at the home informed the process server that defendant was not a resident. Defendant's counsel eventually accepted service on his behalf. In the

notice of removal, filed January 22, 2018, defendant claimed diversity of citizenship existed between the parties and that "[d]efendant John Tobin resides in Missouri at 127 W. 10th Street in Kansas City, Missouri 64105." Plaintiff filed a motion to remand to state court on February 23, 2018.

## II.   Analysis

Plaintiff argues this case should be remanded to state court for lack of diversity jurisdiction. Plaintiff claims that defendant has not sufficiently shown diversity of citizenship between the parties because the only allegation in the notice of removal was that defendant resides in Kansas City, Missouri. Plaintiff argues residence and citizenship are not synonymous, and that the evidence indicates defendant is a citizen of Kansas.

Federal district courts have jurisdiction over actions against "citizens of different States." 28 U.S.C. § 1332(a)(1). Diversity jurisdiction "must clearly appear from the face of a complaint or removal petition . . . ." *Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972). When diversity is challenged, the "party asserting jurisdiction has the burden of proving diversity by a preponderance of the evidence." *Stucky By & Through Stucky v. Bates*, 2 F. Supp. 2d 1434, 1437 (D. Kan. 1998). A court must look to the time the complaint was filed to determine whether diversity jurisdiction exists. *Freeport-McMoRan, Inc. v. K N Energy, Inc*., 498 U.S. 426, 428 (1991).

Under § 1332, citizenship is based on where an individual is domiciled. *Id.* To establish domicile, one must be physically present in the state and intend to remain there. *Smith v. Cummings*, 445 F.3d 1254, 1260 (10th Cir. 2006) ("To effect a change in domicile, two things are indispensable: First, residence in a new domicile, and second, the intention to remain there indefinitely."). An individual's residence alone is not enough to establish domicile. *See Siloam Springs Hotel, L.L.C. v. Century Sur. Co*., 781 F.3d 1233, 1238 (10th Cir. 2015). Instead, a court must look to the totality of evidence to determine where a person is domiciled, and may consider "objective indicia of intent 'such

as the place of employment, driver's license, automobile registration, bank accounts, tax payments, location of personal property, and voting practices.'" *Stucky*, 2 F. Supp. 2d at 1437. And while there is a presumption favoring an established domicile over a newly acquired one, "a change of domicile is valid even if done for the purpose of creating diversity, and no minimum period of residency is required." *Id.*

As defendant is asserting diversity jurisdiction, it is his burden to show, by a preponderance of the evidence, that diversity of citizenship exists. In considering the totality of the of the evidence, the court considers the included evidence that shows that defendant had listed a Kansas City, Kansas address at the time of the accident, had a Kansas driver's license, and at the time of the filing of the complaint, still held that driver's license which reflects that Kansas City, Kansas address. When service was attempted on defendant at that address, however, the resident informed the process server that defendant did not reside there. Defendant removed the case to this court stating in the removal petition simply that he currently resides in Kansas City, Missouri. In response to plaintiff's motion to remand, defendant alleged that he lives and works in Missouri, pays taxes there, and intends to stay there, but he has provided no evidence, beyond the fact that he resides at a Kansas City, Missouri address, that he is domiciled in Missouri. Without any evidence to support his assertions in his response to plaintiff's motion to remand, the court does not find that he has proven by a preponderance of the evidence that diversity jurisdiction exists. *See Whitelock*, 460 F.2d at 514 (finding parties had not established diversity of citizenship when the original complaint simply stated that plaintiff was a resident of Utah and defendants were residents of Colorado and Texas.).

**IT IS THEREFORE ORDERED** that plaintiff's Motion to Remand (Doc. 11) is granted.

This case is closed.

Dated April 18, 2018, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**